UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHIRLEY A. GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03-CV-0144-CVE |
| | ) |
| HARTFORD LIFE & ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff filed this action to recover benefits and to enforce her rights under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA"). Plaintiff challenges the decision by Hartford Life & Accident Insurance Company ("Hartford") to deny her claim for Long Term Disability ("LTD") benefits under her employer's group disability plan.

**I.**

Plaintiff was employed from November 1976 to July 2000 as a rural letter carrier by the United States Postal Service (USPS). Plaintiff was a member of the National Rural Letter Carrier's Association (NRLCA), the official bargaining representative for rural letter carriers employed by the USPS. The NRLCA, in order to provide benefits to members, obtained a group long-term disability policy from Hartford. As a member of the NRLCA, plaintiff became a participant in the Rural Letter Carrier Long Term Disability Plan (the "Plan"). Administrative Record ("Adm. Rec.") at Hart-Graham 2-31 (subsequent references omit the Bates-stamp prefix). The NRLCA Plan is governed by ERISA. Dkt. # 21.

Plaintiff filed an application for LTD benefits on October 27, 2000. Her last day of work was July 15, 2000, when she reported that she became unable to work due to ankle surgery and ongoing problems with her ankles and knees. Plaintiff attributes her underlying injury to an on-the-job accident that occurred on February 7, 1994 while she was trying to get away from a dog. She

began care with the Eastern Oklahoma Orthopedic Center on February 8, 1994. Since this initial injury, plaintiff has experienced multiple complications with her knees and ankles. She complains of chronic, moderately severe pain in both knees and weakness in both knees. She underwent surgery on her right knee on March 3, 1997, after which the USPS offered her a position as a Modified Rural Carrier, a sedentary job designed specifically to accommodate her physical condition. Adm. Rec. at 135. Plaintiff alleges that her condition worsened due to the development of osteoarthritis in both knees and both ankles. She argues that a decline in her health led to her retirement in 2000. On December 1, 2000, the United States Office of Personnel Management approved plaintiff for disability retirement. Id. at 240-41.

Upon receipt of plaintiff's claim, Hartford assigned a claims specialist who reviewed submitted documents and solicited additional materials from plaintiff, her primary orthopedic surgeon, Dr. Jeffrey Emel, and her employer. In a July 26, 2000 letter from Dr. Emel to the United States Department of Labor, he reported that "Mrs. Graham has significant osteoarthritis involving both knees and both ankles. An ambulatory job would be counterproductive for her. . . . I really do not think she will be able to continue her work capacities and recommend that you consider her for Disability retirement." Id. at 81. The claims specialist contacted Dr. Emel to have him clarify whether plaintiff's condition affected her ability to perform a sedentary job and, on January 23, 2001, Dr. Emel responded that "no it does not but [the patient] has retired." Id. at 165. Based on this information, Hartford denied her claim in a letter dated February 28, 2001. Id. at 159-63.

Defendant contends that plaintiff's claim was denied because she failed to meet the policy definition of "total disability." According to the Plan, "total disability" means that the participant is unable, by reason of disability, to perform the essential duties of her occupation and as a result is earning less than 20% of her pre-disability earnings. Id. at 19. The Plan further requires a

2

claimant to submit a "proof of loss" and states, "All proof submitted must be satisfactory to us." Adm. Rec. at 15. Under the Plan, Hartford is accorded "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy." Id. at 16. Hartford is both the payor and the claims administrator of the Plan.

In response to plaintiff's application for a review of the denial, Hartford assigned a new claims specialist to review the record as submitted by plaintiff. Dr. Emel wrote a letter dated March 7, 2001, stating that severe chondromalacia of the left knee prevented plaintiff from driving or sitting "for more than an hour at any one time." Id. at 133. Hartford did not enlist medical professionals to examine plaintiff or her medical records. The Hartford claim examiner noted that plaintiff's modified position with the USPS had been designed in 1997 to allow her to sit, elevate her feet, stand and walk as needed. Id. at 127-29. Finding that such accommodation enabled plaintiff to perform the essential duties of her occupation, Hartford denied plaintiff's request for reconsideration on August 3, 2001. Id.

Plaintiff made a second appeal on September 26, 2001 of the decision to terminate her benefits. Id. at 125-26. During this stage of the appeals process, plaintiff supplemented the record with a personal letter describing her condition, but no further medical reports were submitted. Using a different appeal specialist, Hartford denied this appeal on November 27, 2001, again relying on the accommodation granted to plaintiff in 1997. Adm. Rec. at 74-76. Thereafter, plaintiff sought an additional review of her claim on February 21, 2003, but was informed that she had exhausted the appeals process. Id. at 38.

## II.

On February 27, 2003, plaintiff filed suit, alleging defendant violated 29 U.S.C. § 1132 in denying her claim for benefits. As a plan beneficiary, plaintiff has the right to federal court review of benefit denials under ERISA. "ERISA was enacted to promote the interests of employees and their beneficiaries in employee benefit plans, and to protect contractually defined benefits." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 113 (1989). Specifically, section 1132(a)(1)(B) grants plaintiff the right to bring a civil action to recover benefits or to enforce her rights under the terms of the Plan. A denial of benefits challenged under section 1132(a)(1)(B) is to be reviewed under an arbitrary and capricious standard when a plan gives the administrator or other fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of a plan. See Bruch, 489 U.S. at 115; Nance v. Sun Life Assurance Co. of Canada, 294 F.3d 1263, 1267-68 (10th Cir. 2002) (language that claimant must submit "proof satisfactory to" insurer conferred discretion). The parties agree that the Plan gives Hartford such discretionary authority.

The issue, then, is whether defendant acted arbitrarily and capriciously when it made the final decision to deny plaintiff's claim for LTD benefits. Under the two-tier "sliding scale" approach adopted by the Tenth Circuit, an "additional reduction in deference is appropriate" where there is an inherent or proven conflict of interest. Fought v. Unum Life Ins. Co. of America, 379 F.3d 997, 1006 (10th Cir. 2004). It is undisputed that Hartford has an inherent conflict of interest as it is both payor and claims administrator of the Plan. As such, there is a reduction in deference to the administrator's decision and Hartford "bears the burden of proving the reasonableness of its decision." Id.

Hartford "must establish by substantial evidence that its denial of benefits was reasonable." Fought, 379 F.3d at 1014. "Substantial evidence is such evidence that a reasonable mind might

accept as adequate to support the conclusion reached by the [decisionmaker]. Substantial evidence requires more than a scintilla but less than a preponderance." Sandoval v. Aetna Life and Cas. Ins. Co., 967 F.2d 377, 382 (10th Cir. 1992) (internal citations and quotation marks omitted). The Court considers the record as a whole. Caldwell v. Life Ins. Co. of North America, 287 F.3d 1276, 1282 (10th Cir. 2002). However, the Court considers only that information available to the plan administrator at the time the decision was made. Hall v. Unum Life Ins. Co. of Am., 300 F.3d 1197, 1201 (10th Cir. 2002). Therefore, the materials plaintiff submitted with her purported third appeal after the final denial on November 27, 2001 are not properly part of the record.

The Court must "take into account whatever in the record fairly detracts from the weight of the evidence in support of the administrator's decision." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994) (internal citations and quotation marks omitted). "Evidence is not substantial 'if it is overwhelmed by other evidence -- particularly certain types of evidence (e.g., that offered by treating physicians), or if it really constitutes not evidence but mere conclusion.'" Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (citation omitted). The Court gives less deference to an administrator's conclusions if the administrator fails to gather or examine relevant evidence. See Caldwell, 287 F.3d at 1282. Yet, the Court "will not set aside a [] decision if it was based on a reasonable interpretation of the plan's terms and was made in good faith." Trujillo v. Cyprus Amax Minerals Co., Ret. Plan Comm., 203 F.3d 733, 736 (10th Cir. 2000).

### III.

The Court finds that Hartford's decision to deny plaintiff's claim for LTD benefits was arbitrary and capricious. Hartford has not met its burden of proving the reasonableness of its decision by substantial evidence. Hartford referenced, as the basis for its determination, the 1997 accommodation for plaintiff's disability and Dr. Emel's January 23, 2001 statement that plaintiff's

medical condition "does not" restrict her from work. By relying on the 1997 USPS accommodation to justify the denial, Hartford suggests that once an individual requests and receives accommodation for a disability, she foregoes future eligibility for LTD benefits. Hartford undertook no independent medical review of changes in plaintiff's condition between the accommodation in 1997 and her retirement in 2000. Absent additional evidence, prior accommodation does not amount to substantial evidence on which to base a denial of LTD benefits. See Hawkins v. First Union Corp. Long-Term Disability Plan, 326 F.3d 914, 918 (7th Cir. 2003) ("A disabled person should not be punished for heroic efforts to work by being held to have forfeited his entitlement to disability benefits should he stop working").

Further, Hartford's reliance on Dr. Emel's January 23, 2001 statement, which favors their decision, ignores his July 26, 2000 statement that plaintiff is disabled and his March 7, 2001 statement that she is incapable of sitting for more than one hour. The record suggests that Hartford gave undue weight to the January 23, 2001 statement. See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003) ("Plan administrators, of course, may not arbitrarily refuse to credit a claimant's reliable evidence . . ."). In addition, while independent medical examinations are not required to establish reasonableness, "[w]here, as here, a conflict of interest may impede the plan administrator's impartiality, the administrator best promotes the purposes of ERISA by obtaining an independent evaluation." Fought, 379 F.3d at 1015; see Gaither v. Aetna Life Ins. Co., 388 F.3d 759, 773 (10th Cir. 2004) ("fiduciaries cannot shut their eyes to readily available information when the evidence in the record suggests that the information might confirm the beneficiary's theory of entitlement and when they have little or no evidence in the record to refute that theory.").

## IV.

In summary, defendant failed to establish by substantial evidence that its denial of benefits was reasonable. Viewing the record as a whole, defendant failed to offer "more than a scintilla" of evidence to support its denial. Sandoval, 967 F.2d at 382. The Court finds that defendant's decision to deny plaintiff's claim for LTD benefits was arbitrary and capricious.

**IT IS THEREFORE ORDERED** that defendant's November 27, 2001 final decision to deny plaintiff's claim for LTD benefits is hereby **REMANDED** to the Plan administrator for a full and fair redetermination of the claim.

**DATED** this 20th day of January, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT