# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHIRLEY A. GRAHAM, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HARTFORD LIFE & ACCIDENT INSURANCE )<br>COMPANY, )<br>)<br>Defendant. )<br>)<br>) | Case No. 03-CV-144-CVE/SAJ |

## **REPORT AND RECOMMENDATION**

Comes on for Report and Recommendation Plaintiff's Application for Attorney Fees Pursuant to 29 U.S.C. §1132(g)(1) [Dkt.#35-1] in which Plaintiff seeks attorney fees against Defendant in the amount of $22,230.00. Having considered the arguments and authorities presented by the parties, the undersigned recommends that Plaintiff's motion for attorney fees be denied.

## **I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed this action on February 27, 2003, alleging breach of the duty of good faith and fair dealing, and seeking actual and punitive damages arising from Defendant's denial of Plaintiff's claim that she was entitled to long term disability insurance payments. Plaintiff was originally represented by attorneys Mike Jones and Alan Souter.

On April 15, 2004, after several continuances of the initial status conference requested by the parties, Judge James O. Ellison held initial status conference and ordered

1

simultaneous briefs to be filed on July 29, 2004, on the applicability of ERISA to Plaintiff's claims. That same day, attorney Joseph F. Clark entered an appearance in the case on behalf of Plaintiff. The Court also entered a scheduling order allowing limited discovery based upon the briefing date. The minute order following the initial status conference stated that once these issues were resolved, the parties would submit an additional joint status report and a scheduling order would be entered as appropriate.

The Court entered an Order on April 22, 2005, finding that Plaintiff's claim was subject to ERISA and her state law claim for bad faith was therefore preempted. Accordingly, this claim was dismissed. The Order further provided a schedule under which the parties were to submit the complete administrative record for the Court's review. A briefing schedule followed.

On October 3, 2005, the case was reassigned to Judge Claire V. Eagan and on January 20, 2006, Judge Eagan entered an Order remanding the case to the Plan Administrator for a full and fair redetermination of the claim.

On February 3, 2006, Plaintiff filed the pending motion which was referred to the undersigned.

## II. REQUEST FOR ATTORNEY FEES

Plaintiff requests attorney fees pursuant to 29 U.S.C. § 1132(g)(1) which provides that "in any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). This is not a prevailing party statute and the award is discretionary with the Court.

The Tenth Circuit Court of Appeals in *Gordon v. United States Steel Corp.*, 724 F.2d

2

106 (10th Cir. 1983), provides guidance as to when an award of attorney fees is appropriate. Five non-exhaustive factors are to be evaluated as follows:

> [W]hen determining whether to award attorney's fees under section 1132(g)(1), the district court should consider these factors among others: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Gordon*, 724 F.2d at 108.

Applying these to the case at bar, the record does not indicate that Defendant acted in bad faith nor did the District Court so find. Rather, the District Court concluded that Defendant's actions were arbitrary and capricious because the decision was not supported by substantial evidence. Plaintiff argues that under Oklahoma insurance law, a judgment would have appropriately been rendered for breach of the obligation of good faith and fair dealing. There is nothing before this Court to substantiate that claim.

As to the second factor, there is no discussion regarding the ability of the Defendant to pay. In regard to the third factor, the fact that an administrator erred in one case will not necessarily serve as a deterrent to other administrators.

The fourth factor is whether the parties requesting the fees sought to benefit all participants or resolve a significant legal question regarding ERISA. Plaintiff's lawsuit appears primarily directed to impact Plaintiff's benefits.

The fifth factor is the relative merits of the parties' positions. This weighs in favor of Plaintiff. However, it is important to note the District Court did not make an outright award

to Plaintiff. Rather, the case was remanded. Case law indicates fees are generally not awarded in a remanded action where there is no definitive finding of bad faith in spite of actions by a defendant which are more egregious than the actions of this Defendant. *See e.g., Lewis v. ITT Hartford Life & Accident Ins. Co.,* 395 F. Supp 1053 (D. Kan. 2005)*; Krogh v. Chamberlain,* 708 F. Supp. 1235(D.Utah 1989). The same result can be found where outright benefits were conferred. *Britton v. Long Term Disability Ins. Plan of the Lovelace Inst.,* 217 F. Supp. 2d 1207 (D. N.M. 2002)*.* Accordingly, this Court recommends no attorney fees be awarded herein pursuant to *Gordon.*

The Court finds this recommendation is further supported by Defendant's assertion that Plaintiff's fee application should be denied, or in the alternative, reduced based upon Plaintiff having failed to meet her burden of proof. The Court agrees, concluding that even if Plaintiff succeeded in establishing entitlement under *Gordon*, Plaintiff's application fails on this ground.

An award of attorney fees is the product of a reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate which results in the lodestar calculation. *Burk v. City of Oklahoma City*, 598 P.2d 659 (Okla. 1979). It is the Plaintiff's burden to establish entitlement to fees and reasonableness of both hours and hourly rate. *Beard v. Teska*, 31 F.3d 942 (10th Cir. 1994).

Plaintiff has submitted only a two page exhibit containing time entries totaling 74.10 hours at a billable rate of $300 per hour. The verification at the bottom of page two simply states the entries represent the actual time spent on the [referenced] work according to the time records kept by Joseph F. Clark, Jr.  There is no evidence from which this Court can ascertain whether the rate of $300 an hour is in line with those prevailing in the community

for similar services by lawyers of comparable skill, experience, and reputation. *Ellis v. University of Kansas Medical Center,* 163 F.3d 1186 (10th Cir. 1999), citing *Malloy v. Monahan*, 73 F.3d 1012 (10th Cir. 1996). Additionally, there is nothing in the record from which the Court can determine how long counsel has practiced, whether his practice is concentrated in this and/or other areas of law, or what reputation he has within the legal community. Even if he had provided sufficient information establishing his customary rate is $300, which he did not, or that $300 is the rate he charged this client, these factors would fall short of the required proof.

Further, Plaintiff had the right and the opportunity to rectify the deficiencies in his application by filing a reply brief pursuant to N.D.LCvR 7.2(h). Plaintiff did not file a reply brief nor timely request additional time within which to file reply brief.

### III. RECOMMENDATION

The undersigned recommends Plaintiff's Application for Attorney Fees Pursuant to 29 U.S.C. §1132(g)(1) [Dkt.#35-1] be denied for the reasons stated herein.

### IV. OBJECTIONS

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within 10 days of being served with a copy of this Report and Recommendation. See Fed. R. Civ. P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's

> disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).  *See also* 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation.  "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (*quoting Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals.**  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Haney v. Addison*, 175 F.3d 1217 (10th Cir. 1999); and *Talley v. Hesse*, 91 F.3d 1411 (10th Cir. 1996).

DATED THIS 22nd DAY OF May 2006.

Sam A. Joyner
United States Magistrate Judge