UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SHIRLEY A. GRAHAM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 03-CV-0144-CVE-SAJ |
| ) | |
| **HARTFORD LIFE & ACCIDENT** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is Defendant Hartford Life Insurance & Accident Company's Motion for Judgment on the Pleadings and to Strike Jury Demand and Brief in Support (Dkt. # 61). Defendant moves for judgment on the pleadings on plaintiff's state law claims pursuant to Federal Rule of Civil Procedure 12(c). With respect to plaintiff's claim based on the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., defendant moves to strike plaintiff's jury demand.

### I.

Plaintiff was employed as a rural letter carrier by the United States Postal Service ("USPS") and was also a member of the National Rural Letter Carriers Association ("NRLCA"). Dkt. # 59, at 1. The NRCLA is the collective bargaining union for rural letter carriers employed by the USPS. Id. The NRCLA provided its members with a long-term disability plan (the "Plan"). Id. at 2. Plaintiff was covered under the disability insurance policy issued by defendant to NRCLA as part of the Plan. Dkt. # 61, at 2. Plaintiff had various medical conditions which required her to first receive a modified work assignment and then receive a disability retirement. Dkt. # 59, at 2.

Plaintiff filed an initial claim for benefits and was denied. Id. On February 27, 2003, plaintiff filed a complaint alleging a state court claim for breach of duty of good faith and fair dealing. Dkt. # 1. On April 22, 2005, Judge Ellison ruled that the Plan is governed by ERISA, thus preempting plaintiff's state court claim. Dkt. # 21. Thereafter, plaintiff "proceeded under ERISA jurisprudence" and on January 20, 2006, the Court remanded plaintiff's claim for benefits to the Plan administrator, Hartford, for a full and fair redetermination of the claim and closed the case. Dkt. # 33. The Court subsequently denied plaintiff's motion for attorney fees. Dkt. # 46. Plaintiff appealed and the Tenth Circuit held that this Court lacked jurisdiction to consider plaintiff's motion for attorney fees and vacated the denial of her motion. Dkt. # 54. Plaintiff's petition for writ of certiorari was denied by United States Supreme Court on March 25, 2008. Dkt. # 58. The plan administrator denied plaintiff's remanded claim for benefits on July 24, 2008 and plaintiff filed an amended complaint in this Court on August 4, 2008. Dkt. # 59. On August 5, 2008, this case was reopened. Dkt. # 60.

**II.**

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Nelson v. State Farm Mut. Auto Ins. Co., 419 F.3d 1117, 1119 (10th Cir. 2005). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss a complaint for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The complaint must provide "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. When deciding whether to grant a the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). Nonetheless, a court need not accept as true those allegations which are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 127 S. Ct. at 1974.

Plaintiff asserts state law claims for "Breach of Insurance Contract" and "Breach of the Obligation of Good Faith and Fair Dealing" and seeks punitive damages on both claims in addition to any other relief to which she may be entitled. Dkt. # 64. Defendant moves for judgment on plaintiff's state law claims pursuant to Fed. R. Civ. P. 12(c). Specifically, defendant argues that it is the law of the case that plaintiff's state law claims is preempted by ERISA and, accordingly, plaintiff cannot state a claim upon which relief may be granted. Plaintiff, while recognizing that the issue of preemption has already been decided in this case, nonetheless asserts state law claims "to preserve the right to appeal that portion of this case." Dkt. # 64.

The ERISA preemption clause provides that ERISA supercedes all state laws insofar as they relate to any employee benefit plan. See 29 U.S.C. § 1144(a). Judge Ellison, in an Order filed on April 22, 2005, ruled that each of plaintiff's state law claims is preempted by ERISA. Dkt. # 21. Judge Ellison further held that the Plan "does not meet the criteria to be a government plan, and therefore, be excluded from ERISA constraints." Id. (citing 29 U.S.C. § 1003(b)(1)). Accordingly, Judge Ellison ruled that the "civil enforcement provisions of ERISA § 1132(a) were intended to be the exclusive vehicle for actions by ERISA plan participants . . . and Graham is restricted to that enforcement vehicle." Id. at 6.

As a general rule, once an issue is decided, it will not be relitigated in the same case. See Wessel v. City of Albuquerque, 463 F. 3d 1138, 1143 (10th Cir. 2006). District courts are to apply the doctrine of law of the case "unless one of the exceptions specifically and unquestionably applies." Id. (internal quotation marks and citation omitted). These exceptions include: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice." Id. (internal quotation marks and citation omitted). As none of the exceptions apply here, there is no reason to revisit this issue at this time. The Court finds that Judge Ellison's Order stands and defendant is entitled to judgment on plaintiff's state law claims.

With respect to plaintiff's request for punitive damages, because plaintiff's state law claims are preempted, the only potential for recovery is based on her ERISA claim. The Tenth Circuit has made clear that extra-contractual damages are not recoverable under ERISA. Zimmerman v. Sloss Equipment, Inc., 72 F. 3d 822, 827-29 (10th Cir. 1995); see also Moffett v. Halliburton Energy

Services, Inc., 291 F. 3d 1227, 1234-35 (10th Cir. 2002). Accordingly, plaintiff is not entitled to punitive damages or any other relief other than what is provided for under ERISA, and defendant is entitled to judgment on plaintiff's claim for punitive damages.

### III.

In addition to her state law claims, plaintiff asserts a claim under ERISA and requests a jury trial. Defendant moves to strike that request; plaintiff argues that this action is a dispute for monetary damages under the terms of a contract. Dkt. # 59. Although ERISA does not specifically state whether a jury should be utilized to decide claims for relief, see Zimmerman, 72 F.3d at 829, it is well-settled in the Tenth Circuit that ERISA provides equitable relief only, and therefore plaintiff does not have the right to a jury trial on her ERISA claim. Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156, 1158-59 (10th Cir. 1998) (holding that the relief granted by ERISA is equitable in nature and that plaintiffs are not entitled to a jury trial on ERISA claims); see also Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 996-97 (9th Cir. 2000) (collecting citations discussing equitable nature of relief in ERISA cases).

Nonetheless, plaintiff relies on Great-West & Annuity Insurance Company v. Knudson, 534 U.S. 204 (2002), to attempt to circumvent the well-established rule that a jury trial is not available for an ERISA claim. In Great West, an insurer attempted to file a subrogation action against its beneficiaries under 29 U.S.C. § 1132(a)(3). The Supreme Court held that the specific type of restitution requested by the insurance company was based purely on contract, and therefore the nature of the relief sought was legal. Since the insurer was seeking a legal remedy, the Supreme Court held that ERISA did not provide the insurer a cause of action. Id. at 221. There was no issue in Great West as to whether 29 U.S.C. § 1132(a)(1)(B) authorizes a jury trial in an ERISA case.

5

Tenth Circuit precedent does not support plaintiff's request for a jury trial, and other circuit courts that have considered the issue have found that § 1132(a)(1)(B) does not provide a plaintiff the right to a jury trial. Adams, 149 F.3d 1156; Sullivan v. LTV Aerospace & Defense Co., 82 F.3d 1251, 1257-59 (2d Cir. 1996); Cox v. Keystone Carbon Co., 861 F.2d 390, 394 (3d Cir. 1988); Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1007 (4th Cir. 1985); In re Vorpahl, 695 F.2d 318, 320-21 (6th Cir. 1982); Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir. 1980); Wardle v. Central States, Southeast and Southwest Areas Pension, 627 F.2d 820, 829 (7th Cir. 1980). Great West does not change this result, as that decision concerned the insurance company's right to bring a subrogation claim for relief under a contract theory, not the statutory relief sought by an individual beneficiary under an ERISA plan. The relief plaintiff seeks is equitable in nature and plaintiff has no Seventh Amendment right to a jury trial on her ERISA claim.

**IT IS THEREFORE ORDERED** that Defendant Hartford Life Insurance & Accident Company's Motion for Judgment on the Pleadings and to Strike Jury Demand and Brief in Support (Dkt. # 61) is **granted**. Partial judgment on plaintiff's state law claims (counts 1 and 2) and her claim for punitive damages is granted in favor of defendant and against plaintiff, and the jury demand is stricken.

**IT IS FURTHER ORDERED** that a separate ERISA scheduling order is entered herewith.

**DATED** this 29th day of October, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT